IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (BALTIMORE DIVISION)

| | | |
|---|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC., | * | |
| PLAINTIFF, | * | |
| v. | * | CASE NO.   <u>1:02-CV-02069</u> |
| PAUL J. VIGNOLA ELECTRIC CO., INC., *et al.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF THE CIT GROUP/EQUIPMENT FINANCING, INC. TO STRIKE
DEFENDANTS' AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT,
AND TO PRECLUDE DEFENDANTS FROM PROVIDING TESTIMONY
OR OTHER PROOF AT TRIAL OR OTHER EVIDENTIARY PROCEEDINGS**

Plaintiff, The CIT Group/Equipment Financing, Inc. ("CIT"), by its attorneys and pursuant to Fed. R. Civ. P. 56(g), moves to strike the affidavit that the Defendants, Paul J. Vignola Electric Company, Inc. ("Vignola Electric") and Joann P. Vignola (collectively, the "Defendants") filed in opposition to CIT's motion for summary judgment and to preclude the Defendants from testifying or providing other evidence at trial or other evidentiary proceedings. CIT states the following in support of this motion:

1.  On June 19, 2002, CIT filed its Complaint and Request for Writ of Replevin, wherein CIT alleged that the Defendants had breached a Master Lease Agreement (the "Agreement"), namely by failing to make payments to CIT when and as due.

2.  The Defendants filed their answer on July 17, 2002. Vignola Electric opposed CIT's request for the writ of replevin at a show cause hearing before the Court on July 25, 2002.

3.  CIT served a complete set of discovery requests on the Defendants on August 13, 2002. CIT's discovery requests included a first set of Specific Requests for Admission.

4.  The Defendants' responses to CIT's discovery requests were due no later than

September 12, 2002.

5.   The Defendants failed to respond to any of CIT's discovery requests, including CIT's Requests for Admission.

6.   Discovery in this case closed on December 9, 2002. The Defendants never attempted to perform any discovery of CIT.

7.   The Defendants' failure to respond to CIT's Requests for Admission constitutes the Defendants' admission of all matters that they were requested to admit or deny. FED. R. CIV. P. 36(a).

8.   The Defendants' admissions resolve all issues of fact in CIT's favor, and CIT is entitled to judgment as a matter of law.

9.   CIT filed its Motion for Summary Judgment on January 7, 2003. The motion was based upon the Defendants' failure to respond to CIT's discovery, including its Requests for Admissions.

10.  The Defendants filed their opposition (the "Opposition") to CIT's Motion for Summary Judgment on January 24, 2003, shortly after the Court granted CIT's Motion for Summary Judgment.

11.  The Court stayed operation of the judgment upon learning that the Defendants filed their Opposition. The Court entered an Order dated January 28, 2003 directing that the Opposition would be treated as a Motion to Reconsider the award of summary judgment to CIT.

12.  The Defendants attached to their Opposition an affidavit made by the corporate secretary of Defendant Vignola Electric, Paul J. Vignola. CIT objects to any consideration of the Defendants' affidavit because the Defendants refused to provide CIT any discovery whatsoever.

13.   CIT objects for the same reasons to any testimony or other evidence offered by the Defendants at trial or other evidentiary proceedings in this matter.

14.   The purpose of discovery is not to demonstrate a party's ingenuity in avoiding full disclosure, the purpose of discovery is to ensure that litigants acquire pretrial knowledge of all facts relevant to the case. *See Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8 (1961); *Sommers v. Wilson Bldg. & Loan Ass'n.,* 270 Md. 397 (1973). The Defendants refused to provide discovery responses despite CIT's considerable effort in attempting to obtain discovery.

15.   It is inappropriate to permit the Defendants to use a self-serving document such as the affidavit of Paul J. Vignola in the attempt to generate a genuine issue of material fact when the Defendants denied CIT all opportunities to investigate the facts that appear in the Defendants' affidavit.[1]

16.   CIT will suffer extreme and irreparable prejudice if the affidavit is considered by the Court because the Defendants intentionally deprived CIT of all opportunities to explore the matters addressed therein before discovery closed.

17.   Indeed, the Defendants never served discovery responses on CIT, even to the day this motion was filed.

18.   Accordingly, the Court should strike the affidavit from the record in this case and prohibit the Defendants from giving testimony in support of their claims or alleged defenses.

19.   Sufficient grounds exist for the Court to strike the Defendants' affidavit and to

---

[1] Courts have imposed sanctions under Fed. R. Civ. P. 56(g) against parties who submitted affidavits that controverted previous testimony or attempted to generate material issues of fact. *See, e.g., In re Gioioso,* 979 F.2d 956, 962 (3d Cir. 1992) (affidavit contradicted prior deposition testimony and failed to raise material issues of fact); *Barticheck v. Fidelity Union Bank,* 680 F.Supp. 144, 150 (D. N.J. 1988) (affidavit contradicted prior deposition testimony); *Modica v. United States,* 518 F.2d 374, 376-77 & n.2 (5th Cir. 1975) (party submitted "eleventh-hour denial of facts admitted over a three-year period").

prevent the Defendants from testifying or offering proof at trial or any evidentiary proceeding in this matter due to the discovery abuses outlined above.

20.  CIT intends to rely on this motion without filing a separate memorandum in support unless CIT or the Court determines that such a memorandum will assist the Court in making a determination of the matters raised hereby.

WHEREFORE, for the foregoing reasons Plaintiff The CIT Group/Equipment Financing, Inc. requests that this Court enter an Order:

A.  Striking the Defendants' affidavit in opposition to CIT's motion for summary judgment from the record of this case;

B.  Precluding the Defendants from testifying or introducing the testimony of others at any trial or evidentiary proceeding in this matter;

C.  Requiring the Defendants and their counsel, jointly and severally, to pay CIT's costs and expenses, including reasonable attorneys' fees, incurred in preparing and prosecuting the instant motion; and

D.  Granting such other and further relief as this matter requires.

Respectfully submitted,

/s/ Steven N. Leitess
Steven N. Leitess, Fed. Bar No. 05856
Andrew L. Cole, Fed. Bar No. 14865
Leitess, Leitess & Friedberg, P.C.
25 Hooks Lane, Suite 302
Baltimore, Maryland 21208
(410) 486-2600
(410) 486-8438 Fax

*Attorneys for The CIT Group/
Equipment Financing, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of March, 2003, a copy of the foregoing, along with proposed Order, was sent by first-class mail, postage prepaid, to:

Robert J. Kim, Esq.
Mark Schweitzer, Esq.
McNamee, Hosea, Jernigan, Kim,
Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

/s/ Steven N. Leitess
Steven N. Leitess