# CONTINUING GUARANTY

Lessee: Paul J. Vignola Electric Co., Inc.
MS #: 21202

**EXHIBIT B**

This Guaranty Agreement is made by the undersigned Guarantor(s) (hereinafter collectively "Guarantor") and Lessor and any of its assignees (hereinafter "Lessor") and concerns a lease and/or other related documents with the above referenced Lessee (hereinafter "Lease").

It benefits Guarantor that Lessor enter into this Lease; Guarantor has an interest, financial or otherwise, in Lessee. If Guarantor is a business entity separate from Lessee, Guarantor recognizes and acknowledges that: (a) it desires Lessee to enter into this Lease; (b) it believes that this Lease benefits Lessee; (c) its own business interests are also benefited and furthered by Lessee entering this Lease.

Guarantor has read the proposed Lease in full and finds the terms of said Lease acceptable. Guarantor recognizes that Lessor would be unwilling to enter into the Lease without this Guaranty, and that Lessor is relying upon this Guaranty in entering into the Lease.

In consideration of the making of the Lease by Lessor with Lessee, the Guarantor, jointly and severally, as a direct and primary obligation, absolutely and unconditionally guaranties to Lessor the full performance by Lessee of all terms and conditions of the Lease.

In the event of default by Lessee, or failure to faithfully perform any of the terms or conditions required of Lessee under the Lease, or in the event of failure of Lessee to make any or all payments required of it under the Lease, Guarantor unconditionally promises to pay Lessor all sums at any time due and unpaid under the Lease, plus cost of collection, including reasonable attorneys' fees with or without trial, and upon appeal. GUARANTOR HEREBY WAIVES ANY RIGHT TO REQUIRE LESSOR TO: (A) PROCEED AGAINST LESSEE; (B) PROCEED AGAINST OR EXHAUST ANY SECURITY HELD BY LESSOR; OR (C) PURSUE ANY OTHER REMEDY WITHIN LESSOR'S POWER. GUARANTOR WAIVES ANY DEFENSE ARISING BY REASON OF ANY DEFENSE OF LESSEE, OR BY REASON OF THE CESSATION, FROM ANY CAUSE WHATSOEVER, OF THE LIABILITY OF LESSEE UNDER THE LEASE AND HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY CLAIM, ACTION, PROCEEDING OR COUNTERCLAIM BY EITHER LESSOR OR GUARANTOR AGAINST EACH OTHER OR ANY MATTER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTY OR THE SALE OF THE EQUIPMENT.

The obligations of Guarantor hereunder are independent of the obligations of Lessee under the Lease. A separate action or actions may be brought against Guarantor. Whether action is brought against Lessee or whether Lessee is joined in any action or actions, the liability of Guarantor hereunder is primary. Guarantor hereby waives the benefit of any suretyship defense affecting its liability hereunder or the enforcement hereof. Guarantor further expressly waives any defense or benefit that may be derived from California Code of Civil Procedure §580a, §580b, §580d, §726 or comparable provisions of the laws of any other state.

Guarantor authorizes Lessor, without notice or demand, and without affecting Guarantor's liability hereunder, from time to time to renew, extend, accelerate, or otherwise change the payment terms or other terms of the Lease or any part thereof. Lessor may without notice, assign this Guaranty in whole or in part.

Any indebtedness of Lessee now or hereafter held by Guarantor is hereby subordinated to the indebtedness of Lessee to Lessor. Lessor may request any such indebtedness of Lessee to Guarantor to be collected, enforced and received by Guarantor as trustee of Lessor. Such payments to Lessor on account of the indebtedness of Lessee to Lessor will not reduce the effect of this Guaranty or in any way affect the liability of Guarantor under the other provisions of this Guaranty.

Guarantor waives all demands for performance, notices of nonperformance or default, and notice of cancellation or forfeiture. Lessor may apply all proceeds received from Lessee or others to such part of Lessee's indebtedness as Lessor may deem appropriate without consulting Guarantor and without prejudice to or in any way limiting or lessening the liability of Guarantor under this guaranty. This Guaranty shall not be changed or discharged by the death of Guarantor and shall be binding upon the respective heirs, executors, administrators, successors and assigns of the undersigned.

This is a Continuing Guaranty. Revocation shall be effective only upon written notice being actually received by an officer of the Lessor at the originating office of Lessor, located at 660 Newport Center Drive, Suite 500, Newport Beach, California 92660, or any other address of Lessor's home executive office which Lessor has furnished to the Guarantor after executing this Guaranty. Revocation shall be effective at the close of Lessor's business day when such notice is received. Revocation shall be effective only as to the revoking party and shall not affect that party's obligation with respect to indebtedness existing before the revocation became effective. Revocation only becomes effective with respect to future transactions entered into by and between the Lessee and the Lessor.

This instrument constitutes the entire agreement between Lessor and Guarantor. No oral or written representation not contained herein shall in any way effect this Guaranty, which shall not be modified except by the parties in writing. Waiver by Lessor of



any provision hereof in one instance shall not constitute a waiver as to any other instance. This Guaranty shall be governed by and construed according to the laws of the State of California. In the event that such an action is brought under or arising out of this Guaranty, Guarantor hereby submits to the jurisdiction of any competent federal or state court in the State of California, and consents to service of process by any means authorized by California or Federal law. This Guaranty was made, entered into, executed, and to be performed in Newport Beach, California. Should any one or more provisions of the Guaranty be determined to be illegal or unenforceable, all other provisions shall remain effective. The terms used herein shall have the same meanings defined in the Lease.

The Guarantor signing this Continuing Guaranty has fully read and understands all terms and conditions of the Lease. If the Guarantor is an entity, Guarantor warrants and represents that that entity has been duly authorized to enter into this Guaranty, and also that the individual signing on the entity's behalf is duly authorized to act on behalf of and execute this Continuing Guaranty on behalf of Lessee.

**IMPORTANT: THIS AGREEMENT CREATES SPECIFIC LEGAL OBLIGATIONS. DO NOT SIGN IT UNTIL YOU HAVE FULLY READ IT. BY SIGNING, YOU COMPLETELY AGREE TO ITS TERMS.**

IN WITNESS WHEREOF, the undersigned Guarantor(s) has/have executed this Guaranty this __19__ day of __Nov__, 1999

**GUARANTORS**
*(Personal guarantors fill-in home address and social security number)*
*(Corporate guarantors should include fed id number and business address instead of personal information)*

JoAnn P. Vignola
Name                                                   Social security

146 Polling House Road, Harwood MD 20776         301-599-5995
Address                                                Phone

*/s/ JoAnn P. Vignola*
Signature

WITNESS (Signature)                    Witness Address

PRINT NAME                             City, State, Zip Code           Rev 8/99 guaranty.doc

PAGE 2 OF 2



any provision hereof in one instance shall not constitute a waiver as to any other instance. This Guaranty shall be governed by and construed according to the laws of the State of California. In the event that such an action is brought under or arising out of this Guaranty, Guarantor hereby submits to the jurisdiction of any competent federal or state court in the State of California, and consents to service of process by any means authorized by California or Federal law. This Guaranty was made, entered into, executed, and to be performed in Newport Beach, California. Should any one or more provisions of the Guaranty be determined to be illegal or unenforceable, all other provisions shall remain effective. The terms used herein shall have the same meanings defined in the Lease.

The Guarantor signing this Continuing Guaranty has fully read and understands all terms and conditions of the Lease. If the Guarantor is an entity, Guarantor warrants and represents that that entity has been duly authorized to enter into this Guaranty, and also that the individual signing on the entity's behalf is duly authorized to act on behalf of and execute this Continuing Guaranty on behalf of Lessee.

**IMPORTANT: THIS AGREEMENT CREATES SPECIFIC LEGAL OBLIGATIONS. DO NOT SIGN IT UNTIL YOU HAVE FULLY READ IT. BY SIGNING, YOU COMPLETELY AGREE TO ITS TERMS.**

IN WITNESS WHEREOF, the undersigned Guarantor(s) has/have executed this Guaranty this ____ day of _____, 1999

**GUARANTORS**
(Personal guarantors fill-in home address and social security number)
(Corporate guarantors should include fed id number and business address instead of personal information)

| | |
|---|---|
| JoAnn P. Vignola | 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 |
| Name | Social security |
| 146 Polling House Road, Harwood MD 20776 | 301-599-5995 |
| Address | Phone |

_JoAnn P. Vignola_
Signature

_Stephanie D Payne_                            146 Polling House Rd
WITNESS (Signature)                            Witness Address

Stephanie D Payne,                             Upper Marlboro 20776
PRINT NAME                                     City, State, Zip Code



PAGE 2 OF 2

