IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (BALTIMORE DIVISION)

| | | |
|---|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC., | * | |
| PLAINTIFF, | * | |
| v. | * | CASE NO.   <u>1:02-CV-02069</u> |
| PAUL J. VIGNOLA ELECTRIC CO., INC., *et al.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION OF THE CIT GROUP/EQUIPMENT FINANCING, INC.
TO DEFENDANTS' MOTION TO WITHDRAW AND/OR
AMEND RESPONSES TO REQUESTS FOR ADMISSIONS**

Plaintiff, The CIT Group/Equipment Financing, Inc. ("CIT"), by its attorneys, opposes the motion of defendants Paul J. Vignola Electric Co., Inc. and JoAnn Vignola entitled *Defendants' Motion to Withdraw and/or Motion to Amend Requests for Admission* (the "Motion"), and states as follows:

**SUMMARY OF ARGUMENT**

CIT served a full set of discovery requests on both Defendants, including interrogatories, requests for production of documents and requests for admissions. The Defendants never responded to any of CIT's discovery. The Defendants never attempted to take any discovery of CIT before the discovery deadline passed. CIT moved for summary judgment on the basis of deemed admissions due to Defendants' failure to respond to CIT's requests for admissions. Only then did the Defendants awaken and, having ignored this matter and their procedural obligations for six months, come to the Court seeking relief from the consequences of their inexcusable neglect.

The Defendants requested that this Court permit them to withdraw and amend their admissions.

The Defendants failed to demonstrate cause for the relief requested. The Defendants failed to demonstrate that withdrawal or amendment of their responses to CIT's requests for admissions will preserve the presentation of the merits in this straightforward breach of contract case. The merits are simple: the parties entered into an agreement whereby CIT provided financing but the Defendants failed to pay CIT. Finally, permitting Defendants to withdraw and amend admissions in this case would prejudice CIT by requiring it to develop additional evidence through discovery to controvert Defendants' amended responses to CIT's requests for admission, and further require CIT to expend considerable time and money preparing for and presenting its evidence to prove matters presently admitted by Defendants.

**PROCEDURAL BACKGROUND**

1.  CIT filed its Complaint and Request for Writ of Replevin on June 19, 2002. CIT alleged that the Defendants breached a Master Lease Agreement (the "Agreement") by, among other things, failing to make payments to CIT when and as due.

2.  Defendants Paul J. Vignola Electric Co., Inc. ("Vignola Electric") and JoAnn P. Vignola filed their answer on July 17, 2002.

3.  Ms. Vignola appeared in Court in her representative capacity as an officer of Vignola Electric, along with counsel, at the show-cause hearing on CIT's request for a writ of replevin.

4.  The Defendants did not deny failing to pay CIT in response to the Court's direct inquiry during that hearing. Instead, they raised other issues including suggesting that the Agreement is not a commercial transaction. The leased equipment was an industrial horizontal boring machine and the lessee is an electrical contracting company. It is hard to imagine how such equipment might be

considered a consumer product or such a lessee might be considered a consumer. The defenses were and are meritless.

5. The Court directed the Clerk to issue the writ of replevin to the United States Marshal and CIT subsequently recovered the equipment.

6. CIT served a complete set of discovery requests on Vignola Electric and JoAnn P. Vignola on August 13, 2002. CIT's requests included interrogatories, requests for document production and requests for admissions. The Defendants failed to respond to any of CIT's discovery requests, including CIT's requests for admissions, during the period provided by applicable rule and long after.

7. The Defendants never served responses to CIT's interrogatories and document requests.

8. The Defendants' proposed responses to CIT's Requests for Admission (attached to the Defendants' Motion) are the only discovery they provided. The Defendants only served those proposed responses when faced with CIT's motion for summary judgment.

9. Discovery closed on December 9, 2002.

10. The Defendants propounded no discovery requests on CIT whatsoever. The Defendants made no efforts to defend this case after the show-cause hearing, and apparently felt compelled to take action only when CIT moved against them for summary judgment.

11. CIT filed its Motion for Summary Judgment on January 7, 2003. The motion was based upon the Defendants' failure to respond to CIT's discovery, including its Requests for Admissions.

12. The Defendants filed their opposition (the "Opposition") to CIT's Motion for Summary Judgment on January 24, 2003, shortly after the Court granted CIT's Motion for Summary Judgment.

13. The Court stayed operation of the judgment upon learning that the Defendants filed their Opposition. The Court entered an Order dated January 28, 2003 directing that the Opposition would be treated as a Motion to Reconsider the award of summary judgment to CIT.[1]

14. The Defendants also moved for the relief described herein. It is to this motion that CIT responds.

15. CIT objects to any extension or modification of the Scheduling Order in this case, especially as it concerns discovery.

## APPLICABLE STANDARD

16. This Court has "considerable discretion over whether to permit withdrawal or amendment of admissions. The court may permit a party to withdraw and amend admissions provided that the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Systems 4, Inc. v. Landis & Gyr, Inc.*, 1999 U.S. Dist. Lexis 22657, 3 (D. Md. 1999).

17. "Admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *United States v. Turk*, 139 F.R.D. 615, 617 (D.Md. 1991).

---

[1] The Defendants' motion for reconsideration included an affidavit made by Paul Vignola, an officer of Vignola Electric. As described above, the Defendants refused to respond to CIT's discovery and have not served any responses as of the date this document was filed. It is manifestly unfair for the Defendants to begin introducing evidence they denied CIT during discovery. Accordingly, CIT filed a motion to strike Mr. Vignola's affidavit. CIT

4

**ARGUMENT**

A.   **THE DEFENDANTS FAILED TO DEMONSTRATE THAT WITHDRAWAL AND AMENDMENT OF THEIR ADMISSIONS SUBSERVES PRESENTATION OF THE MERITS OF THIS CASE.**

18.   The Defendants request that JoAnn Vignola be permitted to withdraw and amend her responses to admissions numbered 10, 11, 13, 14 and 15, and Vignola Electric be permitted to withdraw and amend its responses to admissions numbered 10, 12, 13, 14 and 15.

19.   Although the Defendants attach proposed amended responses to CIT's requests for admission, they fail to set forth the substance of the applicable requested admissions[2] to permit the Court to evaluate whether amendment would subserve presentation of the merits of the case or prejudice CIT.

20.   The Defendants' "Memorandum in Support of Defendants' Motion to Withdraw and/or Motion to Amend Request for Admissions" provides neither substantive nor procedural reasons why the Court should permit such a late withdrawal and/or amendment of any of the specified admissions. The heart of their argument appears to be that if the admissions are not withdrawn or amended, the admissions "will completely decide the case and prevent any presentation on the merits." This is an equitable argument for relief, the factual basis for which is notably absent. Accordingly, the Defendants failed to demonstrate how withdrawal and amendment of their admissions subserves presentation of the merits of this case.

21.   The Defendants argue that summary disposition is not the appropriate disposition in a

---

objects to consideration of the affidavit for any purpose whatsoever.

[2] Other than quoting request for admission 14 directed toward the corporate defendant to demonstrate that the requested admissions are dispositive of the issues in the case.

case such as this. To the contrary, this is a perfect case for summary disposition: there was an Agreement and Guaranty, the Defendants breached them and CIT suffered readily determinable economic damages. There is nothing more to the story. A more appropriate candidate for summary disposition is hard to imagine.

22. Moreover, the Defendants never attempted to take any discovery of CIT. If the Defendants truly believed their claims had merit, they surely would have explored all evidence in CIT's possession in search of corroboration. They didn't bother, likely because they know the evidence does not exist.

23. A full trial, consisting of the taking of testimony and documentary evidence, will result in the same outcome as the summary judgment in this case because, among other things, the Defendants cannot demonstrate a legal excuse or justification for their conduct in this case any more than they should be excused from their horrible payment history, numerous breaches of contract, monstrous arrearage due to missed payments and serial failures to perform any of their other obligations to CIT.

24. There is no dispute, as there might be in an automobile personal injury case, whether the light was green or red, or whether one driver swerved left or right, or was distracted by his or her cell phone at the moment the accident occurred. The facts in this case are entirely documentary. The facts are admitted, undeniable and not subject to interpretation or confusion by witnesses' conflicting memories.

25. To the extent that the Defendants raise issues pertaining to the merits of the case in their response to CIT's Motion for Summary Judgment, CIT will deal with such issues in the section of this Response dealing with Defendants' Response to CIT's Motion for Summary Judgment.

**B.   CIT WILL SUFFER PREJUDICE IF DEFENDANTS ARE PERMITTED TO WITHDRAW AND AMEND THEIR ADMISSIONS.**

26.   In *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663 (N.D.W.V. 1975), the U.S. District Court for the Northern District of Virginia found prejudice to the party requesting admissions on facts nearly identical to those in this case.[3]

27.   In *Weva*, supra, the court held:

In the instant case, permitting Weva to respond out of time would prejudice Belco by requiring it to prove matters contained in its requests for admission. . . .  From the record before the court, it can be ascertained that while the introduction of such evidence could in all probability be accomplished, the task would be lengthy, laborious and extremely costly to Belco.  In considering the weight of prejudice in such circumstances, the court must not treat lightly such burdens when visited upon a litigant, especially when that litigant has properly utilized the Rules of Civil Procedure to advance his litigation toward a "…. Just, speedy and inesxpensive …" conclusion.  The expressed language of the Federal Rules of Civil Proceure as well as the spirit of the Rules support, it seems, Belco's position in this issue.  Moreover, were the court to grant relief on the facts here presented, i.e., an alleged procedural error, unsupported by affidavit, deposition or otherwise, in the office of the non-responding party's attorney, the result would be to totally nullify the time requirements set forth in Rule 36(a).  The court has been directed to and can locate no decision, with a fact situation similar to the one presented in this action, where relief was granted for untimely response.

28.   Defendants' refusal to respond to CIT's discovery has prevented CIT from developing evidence related to any of Defendants' contentions.

29.   Had the Defendants propounded timely responses to CIT's requests for admission and

---

[3] In *Weva*, the court recited the facts as follows:
   Belco served on Weva a Request for Admission of Facts on May 28, 1975.  Weva did not respond to the requests for admission within thirty (30) days after service thereof and Belco, on July 11, 1975, filed a Motion for Summary Judgment . . . relying on matters set forth in its requests for admission as being admitted in consequence of Weva's failure to make a timely response thereto.  Weva, on July 29, 1975 filed an Objection to Motion for Summary Judgment and a Motion for entry of an order permitting Weva to respond to Belco's request for admission "to and through August 15, 1975, for the reason of inadvertence upon the part of counsel for the aforesaid litigations and failing to receive the requests for admission promptly." . . .In oral argument . . . counsel for Weva offered as the reason for misfiling Belco's requests for admission secretarial changes in his office

7

other discovery, CIT would have had the opportunity to conduct additional discovery to ascertain facts underlying Defendants' denials of various of its requests for admissions.

30.     Should the Court permit the Defendants to withdraw or amend the admissions, CIT will suffer prejudice in that it will be forced to expend considerable time and expense developing evidence to rebut Defendants' denials, potentially without the aid of customary discovery tools.

31.     Although Defendants supplied proposed amended responses to CIT's requests for admission, they notably failed to respond to any of CIT's other outstanding discovery. Clearly Defendant's only goal is postponing the inevitable and not presenting the merits of the case.

32.     If the Court permits Defendants to amend their admissions, in addition to prejudice to CIT suffered by virtue of having to develop evidence to rebut Defendants' denials of CIT's Requests for Admission, CIT will furthermore be forced to expend considerable time and expense presenting its case using live testimony from out of state witnesses to authenticate, introduce, and explain its books and records and other documentary evidence necessary to present its case.

### C. DEFENDANTS' ASSERTION THAT CIT'S REQUESTED ADMISSIONS ARE BEYOND THE PROPER SCOPE OF RULE 36 IS NOT PROPERLY BEFORE THE COURT.

33.     The Defendants' offer that the case of *United States v. Turk*, 139 F.R.D. 615 (D. Md. 1991) cites *Pickens v. Equitable Life Assur. Soc. of U.S.*, 431 F.2d 1390 (5th Cir. 1969) with approval for the proposition that "requests for admissions as to central facts in dispute are beyond the proper scope of the rule." This assertion was taken out of context. *Pickens* concerned a request for admission by a defendant that an unquestionably mysterious death was a suicide, a request so clearly beyond the personal knowledge of the plaintiff that the court was loathe to grant a directed verdict

---

and asserted the absence of any intent to delay responding to the requests.

based on the plaintiff's inadvertent omission of a response to the request. The instant case, however, deals with simple issues not subject to legitimate dispute: was there a contract (yes); did the Defendants breach the contract (yes); and did CIT suffer damages (yes). No expert testimony is required, no eyewitnesses are required, there is no great mystery about CIT's claim, nor is there a genuine issue of material fact such as those addressed by the court in the *Pickens* case.

34. *Pickens* is not without its detractors. The U.S. District Court for the Western District of Missouri discussed *Pickens* in a footnote, stating:

> This Court believes that the better rule [than that described in *Pickens*] is to allow requests to go to all the fact issues in an action:
>
> Some courts and commentators have said that Rule 36 is not intended to be used to cover the entire case and every item of evidence. There is no basis in the rule for these comments and no discernible reason for such a limitation. The statements to this effect do not rise above the level of dicta, and they were uttered in cases in which the requests were objectionable on other grounds, usually because they were prolix and unclear. Thus the sounder perception is that of a commentator who says: "It is appropriate, therefore, to note that a party who wishes to cover the entire case should proceed with care. There should be no question, however, concerning his right to proceed."

*Pleasant Hill Bank v. United State.*, 60 F.R.D. 1, n.1 (W.D.Mo. 1973)

35. The *Pickens* decision also states that the proper use of FED. R. CIV. P. 36 is "as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Pickens*, 431 F.2d at 1393. Nothing could better describe the rule's application to the facts in the instant case.

36. Each of CIT's requests for admissions addresses discrete issues CIT will be able to prove at trial if required to do so. The practical difference between the facts now deemed admitted and

the proof of those same facts at trial is thousands of dollars in legal fees and expenses, months of delay, cross-country travel by CIT's witnesses, and the unnecessary consumption of the Court's time and other resources.

37. The Defendants had ample opportunity to object to CIT's requests for admission. They did not object. The Defendants make no compelling arguments in their Motion that any of CIT's requests are objectionable, other than the conclusory statement that "the requests which are denied by [Defendants] are central to facts in this case." This is simply not enough to carry the burden.

## CONCLUSION

38. Rather than seeking to subserve the merits of this case, the Defendants' Motion attempts to manufacture factual disputes in order to prolong this litigation and delay the ultimate entry of judgment in this straightforward breach of contract case. The time for the Defendants to raise these issues was in response to CIT's discovery requests – not in opposition to a motion for summary judgment long after the close of discovery. Had they done so, CIT would have had ample opportunity to explore the "issues" through further discovery and expose their merits or lack thereof.

39. A full trial under these circumstances will result only in unnecessary consumption of the Court's resources and additional harm to CIT, for CIT must pay its counsel to prosecute claims against which no genuine defenses exist. Additionally, CIT will be further delayed in recovering its judgment. The Defendants urge the Court to set aside the rules of procedure under circumstances where the Defendants haven't lifted a finger to defend this case until faced with judgment. This would be a gross abuse of the judicial process and the relief they request must be denied.

**WHEREFORE**, for the foregoing reasons, The CIT Group/Equipment Financing, Inc. respectfully requests that this Court enter an Order:

A. Denying Defendants Paul J. Vignola Electric Co., Inc. and JoAnn P. Vignola's motion to permit withdrawal and/or amendment of their responses to CIT's requests for admissions; and

B. Granting CIT such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/
Steven N. Leitess, Fed. Bar No. 05856
Andrew L. Cole, Fed. Bar No. 14865
Leitess, Leitess & Friedberg, P.C.
25 Hooks Lane, Suite 302
Baltimore, Maryland 21208
(410) 486-2600
(410) 486-8438 Fax

*Attorneys for The CIT Group/
Equipment Financing, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 21st day of March, 2003, a copy of the foregoing, along with proposed Order, were sent by first class mail, postage pre-paid, to:

Robert J. Kim, Esq.
Mark Schweitzer, Esq.
McNamee, Hosea, Jernigan, Kim,
Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

/s/
Steven N. Leitess

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC. | * |
| PLAINTIFF, | * |
| v. | *   CASE NO.   <u>**1:02-CV-02069**</u> |
| PAUL J. VIGNOLA ELECTRIC CO., INC., *et al.*, | * |
| DEFENDANTS. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW AND/OR AMEND RESPONSES TO REQUESTS FOR ADMISSIONS

Upon consideration of the *Defendants' Motion to Withdraw and/or Amend Responses to Requests for Admissions* (the "Motion"), and The CIT Group/Equipment Financing, Inc.'s ("CIT") response thereto, the relief requested in the Motion not appearing appropriate under the circumstances, the Court hereby

FINDS that Defendants fail to demonstrate that withdrawal and/or amendment of their admissions subserves presentation of the merits of this case; and further

FINDS that CIT would suffer prejudice were Defendants permitted to withdraw and/or amend their admission;

Accordingly, it is hereby

ORDERED that Defendants' Motion is **DENIED**.

Date: _____         By: _____
                                **JUDGE, UNITED STATES DISTRICT COURT
                                FOR THE DISTRICT OF MARYLAND**

(continued on following page)

Case 1:02-cv-02069-AMD    Document 22    Filed 03/21/2003    Page 13 of 14

cc:   Steven N. Leitess, Esquire
      Andrew L. Cole, Esquire
      Leitess, Leitess & Friedberg, P.C.
      25 Hooks Lane, Suite 302
      Baltimore, MD  21208

      Robert J. Kim, Esquire
      Mark Schweitzer, Esquire
      McNamee, Hosea, Jernigan, Kim,
      Greenan & Walker, P.A.
      6411 Ivy Lane, Suite 200
      Greenbelt, Maryland 20770