IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC. f/k/a SDI CAPITAL RESOURCES, INC. | * * | |
| Plaintiff, | * | Civil Action No.: AMD 02-2069 |
| v. | * | |
| PAUL J. VIGNOLA ELECTRIC COMPANY, INC., et al., | * * | |
| Defendants. | | |

\* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

The Defendants, Paul J. Vignola Electric Company, Inc. (hereinafter "Vignola Electric") and Joann P. Vignola (hereinafter "Ms. Vignola"), by and through their attorneys, Robert J. Kim, Mark W. Schweitzer and McNamee, Hosea, Jernigan, Kim, Greenan & Walker, P.A., file Defendants' Reply to Opposition to Motion for Summary Judgment and in support thereof state the following:

I. Standard of Review:  On January 27, 2003, the Plaintiff's Motion for Summary Judgment was granted as being *unopposed*.  This Honorable Court issued a Memorandum to Counsel dated January 28, 2003 stating that the Defendants' Opposition to Motion for Summary Judgment and Motion to Withdraw Requests for Admissions were being treated as a Motion to Reconsideration.  The Plaintiff filed an Opposition titled, Opposition to Defendants' Motion for Reconsideration.

Since the Defendants' Opposition to Motion for Summary Judgment was timely filed, the proper standard is that governing Motions for Summary Judgment, not Motions for Reconsideration.  Motions for Summary Judgment should only be granted if the moving party demonstrates entitlement to judgment as a matter of law and shows the absence of all disputes regarding any material fact.  The Opposition to Motion for Summary Judgment provided several independent grounds, each in and of itself, sufficient to deny the Motion for Summary Judgment.  Some of the grounds were factual and some were legal.  The Defendants' Opposition to Summary Judgment contained the following grounds:

1. Fraud:  The Defendants were advised that financing was obtained for the purchase of the Equipment but the only documents the Plaintiffs had at that time were for a lease, and the Defendants were advised that it was no big deal because the lease functioned exactly like an installment purchase with a security interest;
2. Disguised Lease:  The lease is, according to the Maryland Code, a security interest disguised as lease and the Plaintiffs failed to comply with the requirements concerning secured transactions; and,
3. Amount of judgment demanded is disputed:  The Plaintiff demanded a judgment of a sum certain, however, (a) the Plaintiff seeks to obtain by Requests for Admissions an amount greater than any amount it could have reasonably anticipated, (b) the Plaintiff failed to mitigate its alleged damages, (c) the Plaintiff repossessed the equipment and failed to credit the Defendants for the fair market value of the sale of the equipment as the Plaintiff has not sold the equipment, and (d) the judgment amount demanded exceeds even the upper most limit permitted under the Maryland Code.

II. Fraud:  In paragraph 37 of the Plaintiff's Opposition, the Plaintiff claims that the Defendants failed to demonstrate fraud.  In that paragraph, the Plaintiff claims the Defendants alleged fraud for the first time in Opposition to Motion for Summary Judgment.  That is false.  At the very beginning of this cause, a show case hearing was conducted on July 25, 2002.  At that show cause hearing, the Defendants claimed that they believed that the Equipment was being purchased, not leased.  Moreover, at the show cause hearing, the Defendants claimed that

the alleged *Lease* was a fraud because it was in actuality a security interest disguised as a lease. Those contentions have remained constant throughout the case.

The Plaintiff did not submit an Affidavit contesting any of the allegations contained in the Affidavit supporting the Defendants' Opposition to Motion for Summary Judgment, and therefore, those facts are uncontradicted. That Affidavit states that the Defendants were advised that financing was obtained for the purchase of the Equipment, but the only documents the Plaintiff had at the time were for a lease. The Defendants were advised that it was no big deal because the lease functioned exactly like an installment purchase with a security interest. That Affidavit states sufficient facts to form a defense of fraud.

Quite unbelievably, the Plaintiff asserts in paragraphs 40 and 41 that such a misrepresentation was innocent and harmless because the alleged *Lease* "functioned in the same manner as purchase money financing…." That statement is remarkably close to the statements that led the Defendants to execute the alleged *Lease* despite having been previously promised a purchase secured by a loan.

Clearly, leases and installment contracts are different. For instance, the alleged *Lease* that is the subject of this case, states in paragraph 13, that the Lessor may repossess the Equipment and still recover:

> [a]ll future rental payments discounted to present value…. [The Lessor] reserves the right, in its sole and absolute discretion, to re-lease or sell any or all of the Equipment at public auction or private sale, at such time, on such terms and with such notice as Lessor shall in its sole and absolute discretion deem reasonable. In such event, without any duty on Lessor's part to effect any such re-lease or sale of the Equipment…

According to the alleged *Lease,* the Plaintiff can recover future rental payments without being required to re-lease or resell the Equipment. The creditor of an installment

contract <u>must</u> sell the collateral in a reasonable time and in a commercially reasonable manner after repossessing such equipment. Maryland Code, Commercial Law Article § 9-605. A creditor of an installment contract must notify the borrower prior to disposition of the collateral and must provide an accounting to the borrower of the results of the sale. Maryland Code, Commercial Law Article §§ 9-611 and 9-615.

The Plaintiff repossessed the Subject Equipment over six months ago and has not sold the Subject Equipment. The Plaintiff seeks payment of future rental payments in its demand of $365,703.40. The Plaintiff has not credited nor offered to credit the Defendants for the value of the proceeds that would be produced if the Subject Equipment was resold or re-leased. Therefore, the demanded amount of $365,703.40 cannot be the proper amount. As such, disputes exist regarding material facts that preclude the entry of Summary Judgment.

III. <u>Disguised Lease:</u> In paragraph 30, the Plaintiff again claims that whether the transaction was a lease or a disguised lease "is a distinction without a difference." The Defendants respectfully disagree.

If it is determined that the alleged *Lease* is a disguised lease, then an accounting needs to be done. Payments were made. If the alleged *Lease* is a disguised lease, then a determination needs to be made as to how the payments were applied and what interest rate was applicable. The $365,703.40 Judgment demanded by the Plaintiff is based upon paragraph 13 of the alleged *Lease*. That paragraph allows recovery for rent. If it is determined that the alleged *Lease* is a disguised lease, then there would be no rent but interest calculated on outstanding principal. Clearly there are legal and factual

differences between calculating damages under a lease and under an installment contract. As such, material facts are in dispute that preclude the entry of Summary Judgment.

    IV.  Amount of Potential Judgment is Disputed:  A central theme running through the Plaintiff's Opposition is that because the Defendant failed to make all of the payments required under the alleged *Lease*, the Plaintiff is entitled to a Judgment in the amount of $365,703.04. Even if there were no defenses to the alleged *Lease*, which the Defendants claim exist (see Defendants' Opposition to Motion for Summary Judgment), the failure to make all payments when required does not *ipso facto* mean the Plaintiff is entitled to a Judgment for whatever amount the Plaintiff demands.  The Plaintiff has failed to put before the Court evidence to show that the Plaintiff is entitled to a Judgment in the amount of $365,703.04.  Paragraph 13 of the alleged *Lease* contains the elements that are to be used in calculating a breach of the alleged *Lease*.

    That paragraph states that the Plaintiff is entitled to all unpaid rent and other amounts that become due and payable.  No evidence has been submitted showing the amount of the alleged unpaid rent.  That paragraph states that the Plaintiff is entitled to the present value of all future rental payments discounted to the date of default at a rate equal to the discount rate of the Federal Reserve Bank of San Frisco as of the date of execution of the alleged *Lease*.  No evidence has been submitted showing what the future rental payments are.  No evidence has been submitted indicating the present value of those future rental payments.  No evidence has been submitted showing the date of the alleged default.  No evidence has been submitted indicating what the proper discount rate should be, etc.  As such the Plaintiff has clearly failed to show entitlement to a Judgment in the amount of $365,703.04.  The Defendants, on the other hand, have provided numerous reasons, both legal and factual, as to why the demanded amount

of $365,703.04 cannot be the proper amount. See the Defendants' Opposition to Motion for Summary Judgment. As such, genuine disputes of material fact exist.

WHEREFORE, the Defendants, Paul J. Vignola Electric Company, Inc. and Joann P. Vignola, respectfully request that the Motion for Summary Judgment be denied.

### REQUEST FOR HEARING

The Defendants, Paul J. Vignola Electric Company, Inc. and Joann P. Vignola, respectfully request a hearing on the Motion for Summary Judgment and Opposition thereto.

### CITES AND AUTHORITIES

Maryland Code, Commercial Law Article § 9-605
Maryland Code, Commercial Law Article § 9-611
Maryland Code, Commercial Law Article § 9-615

                Respectfully submitted,

                McNamee, Hosea, Jernigan,
                Kim, Greenan & Walker, P.A.


        By:_____
             Robert J. Kim (Bar No. 03403)


        By:_____
             Mark W. Schweitzer (Bar No. 14402)
             6411 Ivy Lane, Suite 200
             Greenbelt, Maryland 20770
             301-441-2420
             *Attorneys for the Defendants, Paul J. Vignola Electric Company, Inc. and Joann P. Vignola*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of April, 2003, a true copy of the foregoing, *Defendants' Reply to Opposition to Motion for Summary Judgment*, was placed in

the U.S. mail, postage prepaid to: Steven N. Leitess, Leitess, Esq., Leitess & Friedberg, P.C., 25 Hooks Lane, Suite 302, Baltimore, Maryland 21208-1302.

_____
Mark W. Schweitzer