IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC. f/k/a SDI CAPITAL RESOURCES, INC. | * |
| Plaintiff, | * |
| v. | *   Civil Action No.: AMD 02-2069 |
| PAUL J. VIGNOLA ELECTRIC COMPANY, INC., et al., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*

**<u>DEFENDANTS' REPLY TO OPPOSITION TO
MOTION TO WITHDRAW AND/OR
MOTION TO AMEND REQUEST FOR ADMISSIONS</u>**

The Defendants, Paul J. Vignola Electric Company, Inc. and Joann P. Vignola, by and through their attorneys, Robert J. Kim, Mark W. Schweitzer and McNamee, Hosea, Jernigan, Kim, Greenan & Walker, P.A., file Defendants' Reply to Opposition to Motion to Withdraw and/or Motion to Amend Request for Admissions and in support thereof state the following:

<u>I.  Merits of Action will be Precluded:</u>  The Requests for Admissions decide virtually all of the issues in this case.  Therefore, to allow the Admissions to stand would virtually eliminate any presentation of the merits of this case.  As such, the Defendants respectfully request leave of Court to Respond to the Requests for Admissions.

<u>II.  Plaintiff Seeks to Gain More from Admissions than Could be Obtained at Trial:</u> The Plaintiff seeks to obtain by untimely Answers to Requests for Admissions an amount that is greater than any amount that could reasonably be expected at trial.  See section III of the Defendants' Opposition to Motion for Summary Judgment.  The Plaintiff demands a Judgment

in the amount of $365,703.40. That amount far exceeds what it would be entitled to receive even if it proved entitlement to the maximum recovery allowed under the law. See, Maryland Code, Commercial Law Article § 2A-523 Official Comment (stating that "This Title rejects any general doctrine of election of remedies. Whether, in a particular case, one remedy bars another, is a function of whether the lessor has been put in as good a position as if the lessee had fully performed the lease contract). The Plaintiff demands a Judgment in the amount of $365,703.40 for a piece of equipment that sold new for $260,000.00. Plus, the Defendants made payments totaling over $60,354.43. The payments should be a deduction to the $260,000.00. However, the Plaintiff demands Judgment in the amount of $365,703.40.

III. Plaintiff Failed to Show Prejudice: One of the elements to determine whether to allow a withdrawal or amendment of admissions is if doing so will prejudice the party that has obtained the admission. McClanahan v. Aetna Life Insurance Co., 144 F.R.D. 316, 320 (W.D. Va. 1992). The prejudice contemplated by that element is not simply that the other party will have to convince the factfinder of the truth of the matter. Id. Instead, the party resisting the withdrawal or amendment must show special difficulties in obtaining the evidence required to prove the matters admitted. Id. The Plaintiff cited no special difficulties in obtaining the evidence. The Plaintiff has not stated that witnesses have died or cannot be located. In fact, the Plaintiff states that its entire case can be decided on the alleged Lease already produced.

The Defendants have provided responses to the Interrogatories and produced all the documents within their care, custody and control pursuant to the Requests for Production of Documents. In addition, the Defendants will make available any other discovery requested.

The Plaintiff basically argues that it does not want the burden of proving its case. The Plaintiff will not be required to prove any additional items it would normally have been required to prove if the Admissions were not deemed admitted. The Defendants respectfully submit that this is not the type of prejudice contemplated by the case law.

WHEREFORE, the Defendants, Paul J. Vignola Electric Company, Inc. and Joann P. Vignola, respectfully request this Honorable Court to grant their Motion to Withdraw and/or Motion to Amend Requests for Admissions.

### CITATION OF AUTHORITY

McClanahan v. Aetna Life Insurance Co., 144 F.R.D. 316, 320 (W.D. Va. 1992)

>Respectfully submitted,
>
>McNamee, Hosea, Jernigan,
>Kim, Greenan & Walker, P.A.
>
>
>By:_____
>   Robert J. Kim (Bar No. 03403)
>
>
>By:_____
>   Mark W. Schweitzer (Bar No. 14402)
>   6411 Ivy Lane, Suite 200
>   Greenbelt, Maryland 20770
>   301-441-2420
>   *Attorneys for the Defendants, Paul J. Vignola Electric Company, Inc. and Joann P. Vignola*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____ day of April, 2003, a true copy of the foregoing, *Reply to Opposition to Motion to Withdraw and/or Motion to Amend Requests for*

3

*Admissions*, was placed in the U.S. mail, postage prepaid to: Steven N. Leitess, Esq., Leitess, Leitess & Friedberg, P.C., 25 Hooks Lane, Suite 302, Baltimore, Maryland 21208-1302.

                                                                    _____
                                                                    Mark W. Schweitzer